# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EVON BUHECKER, *et al.*,

    Plaintiffs,

v.

DELTA AIRLINES, INC.,

    Defendant.

Case No. 2:15-cv-0769-LDG (VCF)

**ORDER**

    The plaintiffs–Evon Buhecker, William Douglas, Roberto Franche, Brenda Palmer, John Palmer, Bryan Wisner, James C. Malcom, and Alfredo Navarette[1]–filed an Amended Complaint alleging causes of action arising, apparently, that each suffered from age, gender and disability discrimination.  The defendant, Delta Airlines, Inc., moves to dismiss (#11), arguing that not every plaintiff exhausted his or her administrative remedies as to each form of discrimination, that the plaintiffs failed to include sufficient allegations of fact to support many of their claims, and that certain of plaintiffs' state claims are not recognized in Nevada.  The plaintiffs have filed a brief opposition, generally arguing that (1) incidents of discrimination not included in an Equal Employment Opportunity Commission

---

    [1]     The parties have already stipulated to the dismissal of plaintiffs Marvin Pope, Edward Conner, and Patrick Fernandez.

charge may be considered if the new claim is like or reasonably related to the allegations in the charge, and (2) that their allegations of fact are sufficient.

Motion to Dismiss

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

2

1    To be plausible on its face, a claim must be more than merely possible or
2 conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the
3 mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the
4 pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  Rather, the factual
5 allegations must push the claim "across the line from conceivable to plausible." *Twombly*,
6 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely
7 explained by lawful behavior, do not plausibly establish a claim.  *Id.* at 567.
8    In its motion and memorandum, Delta correctly notes the numerous deficiencies of
9 the plaintiffs' Amended Complaint.  The deficiencies are emphasized by the plaintiffs'
10 cursory opposition to the motion to dismiss.  For example, Delta noted the lack of
11 allegations within each plaintiffs' EEOC charges that would support certain of the claims
12 brought by each plaintiff.  In response, the plaintiffs accurately recited legal precedent that
13 an incident of discrimination may be considered, even though not included in an EEOC
14 charge, if the new claim is like or reasonably related to the allegations in the charge.  The
15 plaintiffs conclude, however, with a broad assertion that they "are within the bounds of the
16 liberal standards of construction of EEOC claims, as set forth in the complaint(s)."  The
17 plaintiffs do not, however, direct the Court's attention to any allegations of fact within the
18 complaint to support this conclusion, nor can the Court identify any such allegations.  The
19 plaintiffs' reliance on conclusions of law unsupported by any facts or allegations of fact
20 neither establishes a sufficient complaint nor a sufficient argument in opposition to a
21 motion to dismiss.  The Court will dismiss the complaint for failure to state any claim.
22    The Court would further note that the complaint would be deficient if brought by a
23 single plaintiff.  The eight plaintiffs, however, have elected to join their actions into a single
24 complaint against the defendant.  That Rule 20(a)(1) allows multiple plaintiffs to join in one
25 action does not abrogate *each* plaintiff's Rule 8 obligation of setting forth "a short and plain
26 statement of the claim showing that the pleader is entitled to relief."  Although the complaint

is largely bereft of any allegations of fact, the Court is dubious that the factual circumstances relevant to each plaintiff's claims are identical to the claims of the other seven plaintiffs.  Indeed, Delta's motion specifically addresses each plaintiff's distinct factual circumstances concerning their respective EEOC charge.  For example, Buhecker's EEOC charge alleged sex discrimination and retaliation but does not allege a disability, while Malcom's EEOC charge alleged age and disability discrimination.  Nevertheless, the complaint alleges the "[p]laintiffs exhausted all administrative remedies," alleges "[p]laintiffs are qualified individuals with a disability," and brings an ADA claim on behalf of all plaintiffs because, *inter alia,* "Defendants terminated Plaintiffs without just cause and because of their disability."  The plaintiffs do not direct the Court's attention to any allegations of fact that would support an inference that Malcom (much less Buhecker) has a disability. Having elected to jointly file a complaint with seven other plaintiffs, the burden remains on each plaintiff to ensure that the complaint alleges sufficient facts pertinent to himself or herself that support each claim that plaintiff is bringing against the defendant.

      The Court finds that each of the issues identified by the defendant in its motion to dismiss is meritorious.  Accordingly, the Court will dismiss the complaint in its entirety.  As acknowledged by the defendant, the plaintiffs may be able to cure some of the deficiencies that Delta has identified in its motion to dismiss.  Accordingly, the Court will grant plaintiffs leave to amend their complaint.

      Therefore, for good cause shown,

      THE COURT **ORDERS** that Delta Airlines, Inc.'s Motion to Dismiss (#11) is GRANTED;

      THE COURT FURTHER **ORDERS** that the First Amended Complaint is DISMISSED without prejudice;

1     THE COURT FURTHER **ORDERS** that plaintiffs are granted leave to amend their
2 complaint until Friday, May 13, 2016.

4     DATED this \_\_25\_\_ day of April, 2016.

                                                   Lloyd D. George
                                                 United States District Judge

5