FISHER & PHILLIPS LLP
SCOTT M. MAHONEY, ESQ.
Nevada Bar No. 1099
300 South Fourth Street
Suite 300
Las Vegas, NV 89101
Telephone: (702) 252-3131
Email: smahoney@laborlawyers.com

Attorneys for Defendant,
Delta Air Lines, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA PALMER; JOHN PALMER MARVIN POPE; BRYAN WISNER; JAMES C. MALCOLM; and DANIEL WATANABE; individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> DELTA AIRLINES, INC. a domestic corporation; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive; <br><br> Defendants. | Case No. 2:15-cv-00769-LDG-VCF <br><br> **MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE** <br> **(First Request)** |

Defendant, Delta Air Lines, Inc. ("Delta"), hereby moves this Court for an order extending the dispositive motion deadline until 30 days after both of the following events have occurred: (1) the Court has ruled on Delta's Motion to Enforce Settlement Agreement (ECF No. 57) (the "Motion to Enforce") and (2) if the Court denies the Motion to Enforce, a ruling has been made on Delta's Motion to Dismiss Second Amended Complaint (ECF No. 40) (the "Motion to Dismiss"). This is the first requested extension of this deadline.

This Motion is made and based on the pleadings and papers on file herein, together with the following Memorandum of Points and Authorities.

- 1 -

32227077

## MEMORANDUM OF POINTS AND AUTHORITIES

The present dispositive motion deadline in this case is October 5, 2016. On May 25, 2016, Delta filed its Motion to Dismiss, which if granted, would dispose of most, but not all, of the Plaintiffs' claims.

Delta contends that it reached a settlement of this case on September 1, but last week, learned that one or more of the Plaintiffs have reneged on the agreement to settle. Consequently, Delta filed the Motion to Enforce on September 21.

Delta should not have to bear the cost of preparing dispositive motions as to five Plaintiffs, only to have the Court eventually find that the parties have an enforceable settlement agreement, making the motions moot. Even if the Court were to ultimately deny the Motion to Enforce, it would be more efficient to delay the filing of dispositive motions until after the Court has ruled on the Motion to Dismiss.

For example, Delta has moved to dismiss the ADA claims of Plaintiff, James Malcolm, based on his failure to state plausible claims for relief under the standards set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007). Even if the Court were to find that these claims are not subject to dismissal under Fed. R. Civ. P. 12(b)(6), Delta believes there are undisputed facts which would entitle Delta to summary judgment on these claims as a matter of law. However, Delta should not be required to undertake the expense of moving for summary judgment on claims which may end up being dismissed by the Court pursuant to the Motion to Dismiss. Delta believes it would be more economical for all concerned if, to the extent necessary, summary judgment motions are filed only with respect to claims which are still pending after the Motion to Dismiss has been decided.

The foregoing constitutes good cause pursuant to LR IA 6-1(a) to extend the dispositive motion deadline. There is also excusable neglect under the foregoing rule for Delta's failure to bring this Motion within 21 days of the current dispositive motion deadline per LR 26-4, as Delta did not realize until last week that at least one of the

32227077

Plaintiffs was contesting the existence of a settlement agreement and that there is a possibility of the case continuing into the dispositive motion phase.

Respectfully submitted,

FISHER & PHILLIPS LLP

/s/ Scott M. Mahoney, Esq.
SCOTT M. MAHONEY, ESQ.
300 South Fourth Street
Suite 1500
Las Vegas, Nevada 89101
Attorneys for Defendant.
Delta Air Lines, Inc.

**CERTIFICATE OF ELECTRONIC SERVICE**

This is to certify that on the 21st day of September 2016, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing Motion to Extend Dispositive Motion Deadline with the U.S. District Court, and a copy was electronically transmitted from the court to the e-mail address on file for:

Trevor J. Hatfield, Esq.
Hatfield & Associates, Ltd.
703 South Eighth Street
Las Vegas, NV 89101

By: /s/ Lorraine James-Newman
An employee of Fisher & Phillips LLP

ORDER

IT IS SO ORDERED.
DATED this ___ day of September, 2016.

_____
Lloyd D. George
Sr. U.S. District Judge

32227077

- 3 -