**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BRENDA PALMER, *et al.*,

        Plaintiffs,

vs.

DELTA AIRLINES, INC.,

        Defendant.

2:15-cv-00769-LDG-VCF

**REPORT AND RECOMMENDATION**

    Before the Court is the Motion to Enforce Settlement. (ECF No. 57).

    Defendant argues that, based on communications between counsel, a settlement was reached with all the Plaintiffs on September 1, 2016. *Id.* On September 2, 2016, the parties filed a Notice of Resolution, informing the court that the parties have resolved this action and a proposed stipulation and order for dismissal will be file in 30 days. (ECF No. 50). On September 13, 2016, Plaintiff James C. Malcolm filed a motion requesting to represent himself in this action, in the place and stead of his counsel, Trevor Hatfield, Esq. (ECF No. 51). His motion was granted. (ECF No. 60).

    Plaintiff Malcolm now opposes the motion to enforce settlement. (ECF No. 63). He alleges that Mr. Hatfield was not given consent and authority to accept the settlement offer on his behalf. *Id.* at 2.

    On October 24, 2016, the Court held a hearing on Defendant's Motion to Enforce Settlement. The Court canvassed and heard representations from the parties. (ECF No. 66).

**Discussion:**

    Under Local Rule IA 11-6(a), a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney. An attorney who has appeared for a party <u>must be recognized</u> by the court and all the parties <u>as having control of the client's case</u>, however, the court may hear a party in open court even though the party is

represented by an attorney.  Mr. Hatfield was still retained counsel for Plaintiff Malcolm on September 1, 2016, at the time the settlement offer was accepted.  As counsel for Plaintiffs, the court recognizes Mr. Hatfield's authority to control his clients' case, and accept the settlement on his clients' behalf.  Whether Mr. Hatfield had actual authority to accept the settlement on behalf of Mr. Malcolm is irrelevant here.  That question of fact would be material were Mr. Malcolm to commence an action against Mr. Hatfield for breach of their December 15, 2015, litigation fee agreement.  (ECF No. 65 at p. 7 & 8).

Settlement agreements are enforceable if they meet the requirements of any other contract. *Mack v. Estate of Mack*, 206 P.3d 98, 108 (Nev. 2009). A contract exists if there is an offer, acceptance, a meeting of the minds and consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). A settlement agreement is binding when the parties have a meeting of the minds as to all the essential terms, even if the exact language is not finalized until later. *Id.*, at 1257.  Here, based counsel's emails and the Notice of Resolution, the material terms of the settlement were agreed to by the attorneys of record in this case. (ECF No. 57-1 at p. 4 and 50).

Accordingly,

IT IS HEREBY RECOMMENDED that Motion to Enforce Settlement (ECF No. 57) be GRANTED.

DATED this 27th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE