UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

BRENDA PALMER; *et.al.*,

        Plaintiffs,

vs.

DELTA AIRLINES, INC.; *et.al.*,

        Defendants.

Case No. 2:15–cv–769–LDG–VCF

**REPORT & RECOMMENDATION AND ORDER**

    Before the court are Delta's motion to interplead settlement funds (ECF No. 80); Plaintiff James Malcolm's response (ECF No. 81) and Plaintiff Bryan Wisner's response (ECF No. 83). Also before the court is Malcolm's motion to deny attorney's lien (ECF No. 82). The court held a hearing at 10:30 a.m. on March 16, 2017. For the reasons stated below, it is recommended that Delta's motion (ECF No. 80) be granted. It is also ordered that Malcolm's motion (ECF No. 82) is denied.

    A brief synopsis is helpful in understanding the court's decision. Attorney Trevor Hatfield represents Plaintiffs Brenda and John Palmer. At one time, attorney Hatfield also represented Plaintiffs James Malcolm, Daniel Watanabe, and Bryan Wisner. Malcolm, Watanabe, and Wisner (collectively the "pro se plaintiffs") are currently representing themselves.

    On or about September 1, 2016, while pro se plaintiffs were still represented by attorney Hatfield, the parties reached a settlement. After the notice of settlement was filed, a dispute arose between the pro se plaintiffs and attorney Hatfield. The court subsequently allowed the pro se plaintiffs to represent themselves.

    In late September 2016, Delta moved to enforce the September 1 settlement agreement. (ECF No. 57) The court granted Delta's motion and found the September 1 settlement agreement enforceable

1

against all plaintiffs represented by attorney Hatfield at the time the settlement was reached. (ECF No. 76)

Delta now moves to interplead the settlement funds with the court and to be dismissed with prejudice. In deciding Delta's motion, the court is well aware of the disputes and differences of opinion between attorney Hatfield and his former clients. Malcom's and Wisner's responses focus on attorney Hatfield's alleged failure to inform them of the full terms and scope of the settlement agreement. (ECF No. 81); (ECF No. 83). Malcolm also disputes the amount of compensation attorney Hatfield is entitled to for work performed in this action. (ECF No. 82) These disputes between attorney Hatfield and his former clients have no bearing on Delta's motion to interplead the settlement funds and should be resolved by an appropriate adjudicator at a later date.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Delta be permitted to deposit Ten Thousand Dollars ($10,000.00) with the Clerk of Court pursuant to Fed. R. Civ. Pro 67(a). This deposit represents the full monetary consideration defendant is obligated to pay to settle all claims as a result of the court's order (ECF No. 76) granting defendant's motion to enforce settlement (ECF No. 57).

IT IS FURTHER RECOMMENDED, should the District Judge adopt this Report and Recommendation, the order should include a deadline for deposit of the funds and direction that upon deposit of the funds, this case will be dismissed with prejudice, each side bearing its own costs and attorneys' fees, and that Judgment should be entered accordingly.

IT IS FURTHER RECOMMENDED that the funds be held by the Clerk of Court until such time as Attorney Trevor J. Hatfield, on behalf of himself and as counsel of record for Brenda Palmer and John Palmer, together with Bryan Wisner, James C. Malcolm and Daniel Watanabe, each now appearing pro se, file a stipulation and proposed order directing the disbursement of these funds. Alternatively, the

funds may be disbursed by further court order if one of these parties files a certified copy of a judgment from a court of competent jurisdiction or a suitable dispute resolution organization, such as the Nevada State Bar Fee Dispute Arbitration Program, resolving the dispute between the plaintiffs and their former counsel, after notice and an opportunity to be heard by the remaining parties as to the legitimacy the submitted resolution of this dispute.

IT IS HEREBY ORDERED that Malcolm's motion to deny attorney's lien (ECF No. 82) is DENIED.

IT IS SO RECOMMENDED AND ORDERED.

DATED this 16th day of March, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE